**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LEVITATION ARTS, INC., | |
| Plaintiff, | Civil Action No. 17-cv-1476-MN |
| v. | |
| PLOX, INC., | |
| Defendant. | |

**PLAINTIFF'S RULE 55 MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff, Levitation Arts, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby moves for entry of a Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure against Defendant, Plox, Inc. ("Defendant"). In support of this motion, Plaintiff states as follows:

1. On October 18, 2017, Plaintiff filed a Complaint against Defendant for patent infringement, seeking judgment and damages. (*See* Complaint for Patent Infringement ("Complaint"), D.I. 1.)

2. On January 23, 2019, the Court granted Reed Smith LLP's motion to withdraw as counsel for Defendant. (Oral Order, D.I. 32.) The Court further ordered Defendant to obtain new counsel on or before February 22, 2019. (*See id.*)

3. More than four months have elapsed since Defendant was ordered to secure new counsel. Defendant, therefore, has failed to retain new counsel within the 30-day time period allotted by this Court in its January 23, 2019 Order. (*See id.*)

4. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." Fed. R. Civ. P. 55(a).

"The Third Circuit accords a broad interpretation to the phrase 'or otherwise defend.'" *Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, No. CIV.A 08-286-JJF, 2010 WL 1213433, at *1 (D. Del. Mar. 26, 2010) (quoting *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 917 (3d Cir. 1992)).

5.      "[W]hether to enter default judgment is a matter within the discretion of the trial court." *Evanston Ins. Co.*, 2010 WL 1213433, at *2 (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d. Cir. 1984)).  "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Evanston Ins. Co.*, 2010 WL 1213433, at *2 (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

6.      Here, Plaintiff would suffer prejudice if default is denied because Plaintiff is unable to proceed against Defendant (a corporation) due to Defendant's refusal to secure counsel.  *See Evanston Ins. Co.*, 2010 WL 1213433, at *1-*2 (entering default judgment in favor of plaintiff and against defendant, where defendant had not obtained representation several months after its prior counsel withdrew, despite the court's order ordering defendant to secure counsel within thirty days of counsel's withdrawal) ("[Plaintiff] would suffer prejudice if default is denied.  Because a corporation may only appear in federal court by representation of a licensed attorney, [plaintiff] is unable to proceed against [defendant] due to its refusal to secure counsel.") (citing *Rowland v. Ca. Men's Colony*, 506 U.S. 194, 201-02 (1993)).

7.      Although this litigation has been pending for more than a year and a half, Defendant has failed to advance a litigable defense.  In its pro forma Answer, for example, Defendant pled six standard affirmative defenses in conclusory fashion (with no counterclaims).  (*See* Defendant's Answer to Plaintiff's Complaint ("Answer"), D.I. 8.)  To date, Defendant has not served non-infringement or invalidity contentions in response to Plaintiff's initial infringement contentions

served on May 14, 2018 (*see* Notice of Service of Plaintiff's Initial Infringement Contentions, D.I. 18), nor has Defendant produced any documents supporting its purported defenses. Defendant, therefore, has not established a litigable defense.

8.      Finally, Defendant's failure to secure counsel is due to culpable conduct, as it is in direct contravention of the Court's January 23, 2019 Order. (Oral Order, D.I. 32.) *See Evanston Ins. Co.*, 2010 WL 1213433, at *2:

> In the Third Circuit, culpable conduct means actions "taken willfully or in bad faith." *Chamberlain,* 210 F.3d at 164 (citing *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 124 (3d Cir. 1983)). In the Court's view, [defendant's] failure to secure counsel is willful, as it is in direct contravention of the Court's July 7, 2009 Order [to obtain new counsel]. . . . Accordingly, an entry of default judgment is warranted.

*Id*.

9.      Defendant's failure to "otherwise defend" the allegations of Plaintiff's Complaint results in those allegations being admitted. Plaintiff, therefore, moves the Court for the entry of Default Judgment against Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Enter an Order of Default Judgment in favor of Plaintiff and against Defendant; and

2.      Enter an Order granting Plaintiff a reasonable period of time following entry of Default Judgment within which to submit evidence concerning the amount of damages to be awarded against Defendant.

Dated: July 9, 2019                                  Respectfully submitted,

                                                     FARNAN LLP

                                                     */s/ Michael J. Farnan*
                                                     Brian E. Farnan (Bar No. 4089)
                                                     Michael J. Farnan (Bar No. 5165)
                                                     919 N. Market St., 12th Floor
                                                     Wilmington, DE 19801

Telephone: (302) 777-0300
Fax: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


Matthew G. McAndrews (admitted *pro hac vice*)
Kyle D. Wallenberg (admitted *pro hac vice*)
NIRO McANDREWS, LLP
155 North Wacker Drive, Suite 4250
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff Levitation Arts, Inc.*

- 4 -