IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEVITATION ARTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 17-1476 (MN) |
| ) | |
| PLOX, INC., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

At Wilmington this 31st day of October 2019:

WHEREAS, on October 18, 2017, Plaintiff Levitation Arts, Inc.'s ("Plaintiff") filed the present action, alleging that Defendant Plox, Inc. ("Defendant") infringes U.S. Patent No. 7,505,243 (*see* D.I. 1);

WHEREAS, Defendant retained the law firm of Reed Smith LLP as counsel in this action and, on January 11, 2018, Defendant answered the Complaint (D.I. 8) and thereafter engaged in limited initial discovery after entry of the Scheduling Order;

WHEREAS, on January 23, 2019, the Court granted Reed Smith LLP's motion to withdraw as counsel and ordered Defendant to retain new counsel on or before February 22, 2019 (*see* D.I. 32) as Defendant is a corporation that cannot appear in this action *pro se*;

WHEREAS, Defendant has failed to retain new counsel and make a subsequent appearance since the Court granted Reed Smith LLP's motion to withdraw;

WHEREAS, on July 9, 2019, Plaintiff filed a "Motion for Entry of Default Judgment" (D.I. 35), seeking an "Order of Default Judgment" and an order granting Plaintiff a reasonable amount of time after entry of "Default Judgment" to provide the Court with the amount of damages to be adjudged in favor of Plaintiff, as well as the supporting evidence (*id.* at 3);

WHEREAS, entry of default judgment under Federal Rule of Civil Procedure 55 is a two-step process that first requires entry of default by the Clerk of Court against a party that "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise" (FED. R. CIV. P. 55(a)), followed by entry of default judgment by the Clerk if Plaintiff's claim is for a sum certain or can be made certain by computation or otherwise by the Court upon application (*see* FED. R. CIV. P. 55(b)); and

WHEREAS, Defendant's default has not been entered, but the record in this case shows that Defendant has failed to make a subsequent appearance after its original counsel withdrew and, as a result, has failed to otherwise defend in this action since January 23, 2019 (*see, e.g.*, *Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, No. 08-286-JJF, 2010 WL 1213433, at *1 (D. Del. Mar. 26, 2010) (defendant failed to "otherwise defend" and therefore entry of default under Rule 55(a) proper where corporate defendant was ordered to obtain new counsel after previous counsel permitted to withdraw, but defendant failed to do so even eight months after court order); *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992) (the phrase "or otherwise defend" in Rule 55(a) is afforded broad meaning in Third Circuit)).

THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (D.I. 35) is GRANTED to the extent that it requests entry of default against Defendant under Rule 55(a);

2. Plaintiff's motion (D.I. 35) is DENIED to the extent that it requests entry of default judgment under Rule 55(b);

3. The Clerk is directed to ENTER DEFAULT against Defendant;

4. Plaintiff shall serve a copy of the Clerk's Entry of Default on Defendant and its registered agent, and Plaintiff shall file with the Court proof of service of the same; and

5. Plaintiff shall file any application for default judgment within forty-five (45) days of filing proof that the Clerk's Entry of Default has been served on Defendant.

/s/ Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge